Jones, J.
 

 Prior to the beginning of this action for malicious prosecution, Middleton had sued the baking company for personal injuries, and the case was defended by one Sweigert, as attorney for the baking company and as attorney for the insurer which had issued a policy of indemnity. During the trial of that case Middleton’s testimony was taken by a court stenographer, and the affidavit charging the alleged perjury was based on the falsity of that testimony. The record discloses that, upon the advice of Sweigert, this testimony was delivered to the prosecuting attorney. Laub, acting under the advice of his counsel, Sweigert, swore to an affidavit resulting in Middleton’s arrest and indictment, which later resulted in her acquittal. While the defense of acting under the “advice of counsel” was
 
 *111
 
 not artistically drawn, the answers of the defendants sufficiently disclose that this defense was relied on. At any rate, the testimony in that respect was developed by the plaintiff from Laub who was called by her for the purpose of cross-examination. At the close of the entire evidence there was practically no dispute that Sweigert’s advice to defendants was not based upon facts communicated by them to him, but upon the knowledge acquired by him in the previous trial of the personal injury case. Nor is there any substantial, dispute as to the fact that whatever was done by the defendants, or their representatives, in connection with the prosecution of Middleton, was done in good faith and upon the advice of their counsel. This defense was relied on as showing want of malice and the existence of probable cause for the prosecution.
 

 "When both parties had rested their case, the defendants below, on their motion for a directed verdict, were entitled to judgment in their favor upon the issue so made. Had the plaintiff not asked for a dismissal without prejudice, the defendants’ motion would have been sustained by the court, as is indicated in his following decision:
 

 “I am inclined to the opinion that from the facts in this case as they were adduced upon this witness stand that the advice of Sweigert must be held to be a complete defense under the circumstances.”
 

 Plaintiff’s counsel recognized this status after the announcement and sought to extricate their client from an adverse judgment by asking for the dismissal of the case without prejudice.
 

 Three questions are presented for our consideration: (1) Did the trial court err in dismissing the
 
 *112
 
 case without prejudice? (2) Can, error be prosecuted from the refusal of the court to direct a verdict for defendants? (3) Is a motion for a new trial necessary to review the action of the court in the premises ?
 

 1. Section 11586, General Code, provides;
 

 “An action may be dismissed without prejudice to a future action: 1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court. ’ ’
 

 In various states, having similar ■ provisions to our own, authorizing a dismissal of his case by the plaintiff, there has been a great diversity of authority, supporting or denying the right of dismissal. Many such cases are cited in the opinion of Price, C. J., in
 
 Turner
 
 v.
 
 Pope Motorcar Co. and Baker Motor Vehicle Co.,
 
 79 Ohio St., 153, 86 N. E., 651, where this court denied the right of dismissal by the plaintiff without prejudice under similar circumstances. The only distinction between the
 
 Turner case
 
 and the case at bar is that in the former the dismissal was disallowed and a directed verdict ordered by the court. However, this distinction is inconsequential, since the court announces the procedural rule of law governing the plaintiff’s right to dismiss : his action without prejudice. The syllabus in the
 
 Turner case,
 
 as well as the discussion, obviously sustains the right of a defendant for judgment, when entitled thereto, and denies the right of a plaintiff to dismiss his cause after the trial court has announced its conclusions upon a motion for a directed verdict. The second proposition of the syllabus is as follows:
 

 “Where the plaintiff has introduced his evidence
 
 *113
 
 and rested, and each of the defendants has moved the court for a directed verdict on the ground that the plaintiff has failed to make a case for the jury, upon -which motions the cause has been submitted to the court and its conclusions thereon announced, the plaintiff has not the right to dismiss the action without prejudice to a future action.’’
 

 In the foregoing case it appears that, after the plaintiff had introduced his evidence and rested, the two defendants moved for a directed verdict, whereupon the court announced:
 

 “I find there is no negligence shown against either of these companies, and the motion as to both will be sustained.”
 

 Plaintiff’s counsel asked time for consultation before anything further was done, and shortly thereafter asked that as to the Baker Company the action be dismissed without prejudice. The following day plaintiff’s counsel again stated that he dismissed the action against the Baker Company without prejudice, but the trial court refused to enter said action as dismissed and directed the jury to return' a verdict for the defendant. In discussing the provisions of Section 5314, Revised Statutes, now Section 11586, General Code, the Chief Justice in his opinion says, at pages 164,173 (86 N. E., 654):
 

 “The case had already been submitted to the court on the motions for verdicts, and on them the trial was to the court who had heard and determined them, and the time had gone by for the plaintiff to exercise the right of dismissal. The cause had been submitted to the court and its judgment invoked. If the court had the power to exercise discretion on the subject, we cannot find that the discretion was
 
 *114
 
 a.bused in refusing to enter the dismissal at so late a stage in the proceedings. * * * To recognize in our practice the claim that is made by plaintiff in error, would give a plaintiff the right, when he fails to make a case, and it is so decided, to thwart the contest on his own evidence, dismiss without prejudice, and again bring the defendant into some court to answer a similar demand, with all the attendant costs; and if it can be done once, it may be done a second or third time, thus prolonging the expensive and annoying litigation. This system of practice should not be encouraged and we therefore think it our duty to affirm the judgment of the circuit court.”
 

 The opinion cites the following cases with approval:
 
 Hays
 
 v.
 
 Turner,
 
 23 Iowa, 214;
 
 St. Joseph & Denver City Rd. Co.
 
 v.
 
 Dryden,
 
 17 Kan., 278;
 
 Bee Bldg. Co.
 
 v.
 
 Dalton,
 
 68 Neb., 38, 93 N. W., 930, 4 Ann. Cas., 508. These cases hold, in substance, that motions for a directed verdict are tantamount to a demurrer to the evidence; that the submission of such motions is a
 
 trial to the court;
 
 that after the trial court’s announcement of his decision and his order for a directed verdict, nothing is left to the jury except to obey and concur in its order.
 

 The federal Circuit Courts of Appeals, construing a Nebraska statute, similar ,to our own ■ Section 11586, General Code, announced the following rule of procedure in the syllabus:
 

 “A
 
 plaintiff may not. dismiss without prejudice after a motion for a directed verdict has been made and submitted,- or after such a motion has been argued and the court has expressed its opinion upon
 
 *115
 
 it.”
 
 Spies
 
 v.
 
 Union Pac. Rd. Co.
 
 (C. C. A.), 250 F., 434;
 
 Rhode
 
 v.
 
 Duff
 
 (C. C. A.), 208 F., 115.
 

 In the cases here under consideration the motion of the defendants for a directed verdict was a submission of the action to the court, under Section 11586, General Code, and the trial court erred in dismissing the cause without prejudice and in refusing to sustain the motion after he had made such announcement.
 

 The power of thé trial court to sustain motions for a directed verdict has uniformly and repeatedly been recognized by this court. More than 70 years ago this court declared in its syllabus:
 

 “The courts of this state, in a proper case, have the power to take the evidence given by the plaintiff from the jury, and order a peremptory nonsuit.”
 
 Ellis & Morton
 
 v.
 
 Ohio Life Ins. & Trust Co.,
 
 4 Ohio St., 628, 64 Am. Dec., 610.
 

 Ranney, J., delivering the opinion, said, at pages 644, 645:
 

 “We cannot consider it necessary to enter at much length upon an examination of the power of the courts of this state, to order a peremptory non-suit. * * * The law of every case, in whatever form presented, belongs to the court; and it is not only the right of the judge, but his solemn duty, to decide and apply it. * * * When all the evidence offered by the plaintiff has been given, and a motion for a nonsuit is interposed,
 
 a question of law
 
 is presented, whether the evidence before the jury
 
 tends
 
 to prove all the facts involved in the right of action, and put in issue by the pleadings.”
 

 When the proof of the essential facts put in issue, and the reasonable inferences deducible therefrom
 
 *116
 
 are such, that the jury, as fair-mi rider] men, should reasonably arrive at. but one conclusion therefrom, • it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains. If, on the other hand, the proof and inferences are such that fair-minded men could reasonably arrive at different conclusions therefrom, the facts in issue are triable to the jury.
 

 This rule of procedure, applying to directed verdict, has been repeatedly recognized in this state. Among many cases we cite
 
 Foss-Schneider Brewing Co.
 
 v.
 
 Ulland,
 
 97 Ohio St., 210, 119 N. E., 454, 4 A. L. R., 1098;
 
 Vignola
 
 v.
 
 N. Y. C. Rd. Co.,
 
 102 Ohio St., 194, 131 N. E., 357;
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634;
 
 Cleveland-Akron Bag Co.
 
 v.
 
 Jaite,
 
 112 Ohio St., 506, 148 N. E., 82.
 

 As the evidence on the material issue made by the defense, the advice of counsel, was of such character that different minds should reasonably arrive at no other conclusion than that announced by the trial court, when there was no substantial controversy over the ultimate essential fact, a question of law was presented, triable to the court, and it should have directed the verdict as indicated in his announcement.
 

 Had the verdict been directed for the defendants, the plaintiff would have been entitled to a review, if the entire evidence had been embodied in the bill of exceptions; and, by parity of reasoning, it necessarily follows that, before a defendant can avail himself of an affirmative judgment that should have been, but was not, entered in his favor, he must show prejudice in the refusal of the court to sustain his motion, and that can be disclosed only by an exam
 
 *117
 
 ination of the bill of exceptions by the reviewing court.
 
 B. & O. Rd. Co.
 
 v.
 
 McClellan, Admx.,
 
 69 Ohio St., 142, 68 N. E., 816;
 
 Buell, Admx.,
 
 v.
 
 N. Y. Cent. Rd. Co.,
 
 114 Ohio St., 40, 150 N. E., 422. The entire evidence adduced on this trial is embodied in the bill of exceptions, ahá is without substantial conflict in the sustention of the defense “advice of counsel.” The request of the plaintiff, asking for a dismissal of her case, amounted to a confession of infirmity therein.
 

 In the instant case there was no reason assigned for dismissal, no disclosure made by counsel that he was misled or taken by surprise, nor even a suggestion made whereby he might advantage his ease were the trial to proceed. Under those circumstances, there would have been an abuse of discretion on the part of the court in giving the plaintiff opportunity to harass the defendants by bringing other and subsequent suits. We would not, in a proper case, deny the right of a party, in the interest of justice, to supplement his testimony before final submission to the jury, but, in such case, the allowance or disallowance of a request therefor is committed to the court’s discretion, which-cannot be disturbed unless that discretion is abused.
 

 2. Was the refusal to direct a verdict for the defendants a final order from which error may be prosecuted? Section 6, Article IY, of the Constitution, adopted in 1912, confers appellate jurisdiction on the Court of Appeals to review “judgments” of courts of record. While, strictly- speaking, no judg- • ment was entered on the court’s decision on the motions, its refusal to formally enter its judgment on the motions in accordance with its announcement
 
 *118
 
 after their submission, and its dismissal of the case, terminated
 
 that
 
 action against the defendants and
 
 prevented a judgment in their favor.
 

 Section 12258, General Code, defines a final order as follows:
 

 “An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment.”
 

 This court has held that a final order, as defined in that section, is comprehended within the term “judgment,” and that it is as reviewable since the adoption of said constitutional provision as it .was prior thereto.
 
 Chandler & Taylor Co.
 
 v.
 
 Southern Pacific Co.,
 
 104 Ohio St., 188, 135 N. E., 620;
 
 Cox
 
 v.
 
 Cox,
 
 104 Ohio St., 611, 136 N. E., 823.
 

 The refusal of the court to direct a verdict at the close of the entire evidence and to render judgment thereon is analogous to its refusal to enter judgment on the special findings of the jury when they are found to be inconsistent with the general verdict. In either case the party has been deprived of a judgment to which he may be'entitled. If so entitled, the action of the trial court in overruling a motion for a directed verdict and for judgment constitutes a final order which may be reviewed.
 
 Davis
 
 v.
 
 Turner,
 
 69 Ohio St., 101, 68 N. E., 819. In that case, Price, J., speaking of the refusal of the trial court to render judgment on special findings of the jury, said, at page 111 (68 N. E., 822):
 

 “Is there no direct remedy in this court to review the decision of that court, and correct its error, if any has been committed in overruling the motion for judgment? If not the party has lost a valuable right which the law has furnished him for a very clearly expressed purpose. ’ ’
 

 
 *119
 
 A case from Hocking county was presented to this court which bore a resemblance to the
 
 Turner case, supra.
 
 The files disclose that at the close of the evidence a defendant made two motions: First, for judgment on the special findings after a general verdict for the plaintiff; and, second, as a precautionary measure, it filed a motion for a new trial. The trial court overruled the first, and sustained the second, the motion for a new trial. On error, the circuit court reversed the common pleas court for overruling the motion for judgment on the special findings, and entered judgment in favor of the defendant below — a judgment which the trial court should have rendered. The judgment of the circuit court was affirmed, in an unreported case, on the authority of the
 
 Turner case, supra.
 
 See
 
 Chris Holl Hardware Co.
 
 v.
 
 Logan Brick Supply Co.,
 
 84 Ohio St., 455, 95 N. E., 1144.
 

 3. Is a motion for a new trial necessary to review the legal question under consideration? The defendants below filed no motion for a new trial. It has been repeatedly held in this state that such a motion is required in order to review the weight of the evidence. However, an error of law, for want of proof, “arises' where there is no evidence fairly-tending to establish one or more facts the existence of which is essential to the recovery.”
 
 Turner
 
 v.
 
 Turner,
 
 17 Ohio St., 449, 452.
 

 The precise question that we have in this case, the necessity of a motion for a new trial where a directed verdict has been asked for lack of proof of an essential fact, has not been determined by this court in any reported syllabus. However, it was necessarily determined in the case of
 
 State
 
 v.
 
 Wirick,
 
 81 Ohio
 
 *120
 
 St., 343, 90 N. E., 937. The reported case does not disclose whether a motion for a new trial was filed by Wirick in the probate court, but the original papers and briefs on file in this court indicate that no such motion was filed. The judge delivering the opinion, in alluding to the necessity of such a motion, said, at page 346 (90 N. E., 938):
 

 “If the question here were whether the judgment below was against the weight of the evidence, a motion for a new trial would be necéssary; but the question being whether the trial court properly applied the law to the facts, the absence of a motion for a new-trial is not material.”
 

 Where, therefore, the trial court is not called upon to weigh the evidence, but to apply the law where the ultimate fact is not in dispute, the case assumes a legal phase and no motion for a new trial need be filed.
 

 There is an additional and very cogent reason why the defendants below were not required to file such a motion. While, as a measure of precaution the defendants might have done so, they could have elected to stand solely upon their motions for a directed verdict. Cases are easily conceivable where the parties desire no new trial, but are content to rest their case exclusively upon their motions for a directed verdict, upon the status of the proof; and where a defendant rests his case, as was done here, upon that phase of the controversy, there can be no valid reason for compelling him to ask for a trial
 
 de novo.
 

 The trial court fell into error when it refused to direct a verdict for defendants and dismissed the cause, without prejudice, over their objection. The
 
 *121
 
 judgments of the lower courts are reversed and final • judgments entered in favor of the plaintiffs in error.
 

 Judgments reversed.
 

 Marshall, C. J., Day, Kinkade and Matthias, JJ., concur.
 

 Allen, J., concurs in the judgment.