## GLAZZARD v BERNSTEIN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 26, 1928

W F Hesson, Youngstown, for Glazzard.
Kennedy, Manchester, Conroy & Ford, Youngstown, for Bernstein.

**POLLOCK, J**

This was a straight street, somewhat rising grade as the plaintiff was traveling, paved, street car track on it, and no other travel on the street from the time the plaintiff entered upon it until after this collision except as we have stated. We think that for some reason or other the plaintiff was interested in the car that was traveling on the street ahead of him and paid no attention to the objects within the ray of his light. There can be no question but what if he had been looking he could have seen defendant's truck before he struck it, and we think that if he had been using ordinary care to see where his car was going, or what was in the line of his travel, he would have seen the defendant's truck in time to turn to the left sufficiently to have avoided it. Really the forward car turning to the left and then making a turn to the right, making an S turn, was an act that should have called his attention to the reason for this turn. He knew that that car was not going to turn out Pike Street long enough to have seen the defendant's truck had he been looking where his car was going.

The Supreme Court in a very recent case has said:

"When the proof of the essential facts put in issue and the reasonable inferences deducible therefrom are such that the jury, as fair minded men, should reasonably arrive at but one conclusion, it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains." **Jacob Laub Baking Co., v. Middleton, 160 N. E., 629.**

This case will appear in the 118 O. S., but as we do not have access to that volume we are using the Northwestern Reporter.

From the facts in this case we think that under the rules above announced there was no error in the court directing a verdict. We think that from the facts in this case no other reasonable inference can be drawn except that the plaintiff was not using ordinary care in operating his automobile prior to the time of this accident, and the judgment is affirmed.

Farr and Roberts, JJ, concur.