THE CONTINENTAL AUTOMOBILE MUTUAL INS. CO. *v.* JACKSICK.

(Decided December 18, 1933.)

*Messrs. Burt, Kinnison, Carson & Shadrach,* for plaintiff in error.

*Mr. William B. Quinn,* for defendant in error.

LEMERT, J. This cause comes into this court upon a petition in error from the court of common pleas of Stark county, Ohio. The petition in error complains: First, that the court below sustained the motion of the defendant insurance company for a directed verdict at the end of plaintiff's case, and failed thereafter to direct a verdict and enter judgment for the plaintiff in error; second, the court below erred in permitting defendant in error to dismiss said cause without preju-

dice after the court's decision upon said motion for a directed verdict had been announced and said motion sustained; third, said judgment was given for defendant in error when it ought to have been given for plaintiff in error.

The plaintiff below, Amelia A. Jacksick, obtained a judgment for personal injuries against one John Snyder, by reason of the operation of an automobile belonging to his father, Arthur L. Snyder. The present case was commenced by Mrs. Jacksick against the Continental Automobile Mutual Insurance Company, under a certain policy which was offered as evidence in the case. This policy did not cover John Snyder, the judgment debtor, as it covered only the named assured, Arthur L. Snyder, and did not contain any so-called omnibus clause. In addition to a general denial of liability, the insurance company had set up certain other defenses having to do with the time and manner of issuance of the policy.

The hearing of this cause in the court of common pleas was very brief, and from the short record before us we gather that counsel for defendant in error herein sought in the court below to introduce and inject into the trial of the case certain matters that were competent and proper only in rebuttal, and the court below so held.

The record discloses that Arthur L. Snyder was called as a witness and examined briefly in chief, and we note on page 5 of the record that at the end of his testimony in chief the court remarked as follows:

"If you rest, if there is any failure of proof, the Court will let you re-open. The Court will not bind you by your resting."

Thereupon defendant in error rested her case. Then the plaintiff in error, who was defendant below, made the following motion:

"The defendant, The Continental Automobile Mu-

tual Insurance Company, moves that a verdict be directed in its favor on the evidence adduced by the plaintiff."

Thereupon arguments of counsel were had upon said motion, and then the court made the following statement:

"The Court finds the said motion must be sustained, but inasmuch as the Court made the statement which just precedes the ruling upon this motion to the counsel for the plaintiff, the Court feels in duty bound in the interests of justice to re-open her case and offer further proof. Give the counsel for the defendant an exception to the Court permitting the re-opening of the case."

At this stage of the case, counsel for plaintiff below requested leave to withdraw a juror and amend the petition. This met with an objection from the defendant, and the court below stated:

"The Court will not permit the withdrawal of a juror."

Following this, counsel for the plaintiff below asked permission of the court to dismiss without prejudice. The court remarked:

"The Court will not pass upon the question to grant or refuse permission. If the case may be dismissed without prejudice at all, it is a matter of right."

The counsel for the plaintiff below dismissed the case without prejudice.

The principal question presented to this court is: When the court sustained the motion to direct a verdict, did that terminate or end the case so far as any right existed in the plaintiff to dismiss without prejudice? We believe the law on this proposition has been settled by the Supreme Court of Ohio in *Jacob Laub Baking Co.* v. *Middleton*, 118 Ohio St., 106, 160 N. E., 629. We are of the opinion, however, that the instant case is stronger than the case just cited, as in the *Laub case* the court had only indicated what his opinion

might be, while in the case at bar the court actually made a formal finding that the motion must be or would be sustained,. and this action on the part of the court was announced from the bench in the presence of the jury, as shown by the record. We believe the case was thereupon terminated and that the defendant was entitled to final judgment, with the possible exception that the court indicated he would open the case in the event additional testimony was offered, which was not done.

The Supreme Court, in the case above cited, held:

"Where, after the parties have introduced their evidence and rested, a defendant moves the court for a directed verdict in his favor, the submission of such motion is a submission to the court within the purview of Section 11586, General Code. After such submission and subsequent announcement of its conclusion favorable to the defendant, the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant."

Section 11586, General Code, provides:

"An action may be dismissed without prejudice to a future action:

"1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court."

In various states having statutes or provisions similar to our own, authorizing a dismissal of a case by the plaintiff, there has been a great diversity of authority supporting or denying the right of dismissal.

We note that, in discussing the provisions of Section 5314, Revised Statutes, now Section 11586, General Code, in *Turner* v. *Pope Motor Car Co.*, 79 Ohio St., 153, 86 N. E., 651, it is said:

"The case had already been submitted to the court on the motions for verdicts, and on them the trial was to the court who had heard and determined them, and the time had gone by for the plaintiff to exercise the right of dismissal. The cause had been submitted to

the court and its judgment invoked. If the court had the power to exercise discretion on the subject, we cannot find that the discretion was abused in refusing to enter the dismissal at so late a stage in the proceedings. * * * To recognize in our practice the claim that is made by plaintiff in error, would give a plaintiff the right, when he fails to make a case, and it is so decided, to thwart the contest on his own evidence, dismiss without prejudice, and again bring the defendant into some court to answer a similar demand, with all the attendant costs; and if it can be done once, it may be done a second or third time, thus prolonging the expensive and annoying litigation. This system of practice should not be encouraged and we therefore think it our duty to affirm the judgment of the circuit court."

We note that the Federal Circuit Court of Appeals, construing a Nebraska statute similar to our own Section 11586, General Code, announced the following rule of procedure in the syllabus (*Spies* v. *Union Pac. Rd. Co.* [C. C. A.], 250 F., 434):

"A plaintiff may not dismiss without prejudice after a motion for a directed verdict has been made and submitted, or after such a motion has been argued and the court has expressed its opinion upon it."

In *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, 160 N. E., 629, it is stated in the opinion:

"In the instant case there was no reason assigned for dismissal, no disclosure made by counsel that he was misled or taken by surprise, nor even a suggestion made whereby he might advantage his case were the trial to proceed. Under those circumstances, there would have been an abuse of discretion on the part of the court in giving the plaintiff opportunity to harass the defendants by bringing other and subsequent suits. We would not, in a proper case, deny the right of a party, in the interest of justice, to supplement his testimony before final submission to the jury, but, in such case, the allowance or disallowance of a request there-

for is committed to the court's discretion, which cannot be disturbed unless that discretion is abused.''

Section 12258, General Code, defines a final order as follows:

''An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment.''

Our courts have held that a final order, as defined in this section, is comprehended within the term ''judgment.''

We are therefore of the opinion that this case should be, and the same hereby is, reversed, and final judgment is rendered for plaintiff in error.

*Judgment reversed, and judgment for plaintiff in error.*

SHERICK, P. J., and MONTGOMERY, J., concur.