Jones, J.
The assignments of error contained in the petition of plaintiff in error, defendant below, are that the Court of Appeals erred in refusing “to pass on said trial court’s error in overruling plaintiff in error’s motions for a directed verdict” made in the trial court, once at the close of the plaintiff’s evidence and again at the close of the entire evidence. This refusal of the appellate court presents the whole crux of this controversy. The Court of Appeals wrote two opinions, one in affirmance of the judgment and another upon a rehearing in which it adhered to its former judgment. The appellate court, in its original opinion, said in part: “The time for filing a petition in error * * * would begin to run from the date of the overruling of the motion for directed verdicts. * * * Had the trial court overruled the motion for new trial of the defendant below all of these matters could have been brought up on a petition in error. The converse of this rule is true and the defendant below, having been successful on its motion for new trial, could not seek a review by this court of the action of the trial court in overruling its motions for directed verdicts unless error was prosecuted directly from such rulings and within the seventy-day period.”
*408 In its decision upon rehearing, the appellate court said: “The difficulty in which plaintiff in error [defendant below] now finds itself is created by reason of the fact that it did not prosecute error directly from the refusal of the court to grant its motion for directed verdict. If there was merit in its motion it need not have filed a motion for new trial. However, it did not desire to rely specifically upon the court’s failure to sustain its motion for a directed verdict but elected to file a motion for new trial and have the same heard. Having been granted a new trial on the weight of the evidence by the ruling of the trial court, no error could be prosecuted from that order. The time had long since gone by for the filing of a bill of exceptions embodying the error complained of in the failure to sustain the motion for directed verdict. In such case the plaintiff in error, by its election to stand upon its motion for new trial, may not now have its other questions reviewed.”
From the two opinions rendered by the Court of Appeals, we gather that its refusal to consider the motions for a directed verdict was based upon two grounds: (1) That the time for filing a petition in error in such cases begins to run from the date of the overruling of the motion for a directed verdict; and (2) that even if there was merit in its motions for a directed verdict, the defendant, having elected to file a motion for new trial and secured it, the defendant cannot have its other questions in the case reviewed.
The first proposition is a novel one and is not in accord either with the pronouncements made by this court or with the procedure followed by courts and counsel in similar cases. The opinion of the Court of Appeals clearly indicates that a defendant who desires to rely on its motions for a directed verdict must not only prosecute error from the trial court’s orders overruling the motions, but that his time for filing error proceedings begins at the date of the overruling of the *409 motions. We have often held that motions for a directed verdict present questions of law only. They are tantamount to a demurrer to the evidence.
“If the material issues are conceded, or are established beyond dispute, it is the duty of the court to direct a verdict against the party failing of proof in such issues.” Webb v. Western Reserve Bond & Share Co., 115 Ohio St., 247, and cases therein cited at 255 and 256, 153 N. E., 289, 48 A. L. R., 1176.
One could as well argue that a defendant who demurs to a petition or who asks final judgment on the statement of counsel and is met by an adverse ruling of the court on one or both, must commence his error proceedings within seventy days after the time such adverse rulings were made. Under our system of jurisprudence, we have adhered to a procedure which provides for the submission of every question of fact or law in a single action wherein one final judgment between the same parties and one only is rendered by the trial court. Whether the error complained of consists in the overruling of a demurrer to a pleading, in the rendition of judgments non obstante veredicto, or in the sustention or refusal to sustain a motion for a directed verdict, as in the instant case, each or all are brought forward for review in a single action wherein the appellate court may review all assigned errors for the purpose of determining whether prejudicial error intervened in the trial court’s final judgment. It is from the entry of that judgment that the seventy-day period applies under Section 12270, General Code. Our court has sustained this procedure in many decided cases, to some of which we shall later allude.
The second reason given by the appellate court for refusing to review defendant’s right to a directed verdict is, in substance, as follows: The defendant failed to prosecute error directly from the refusal of the trial court to sustain its motion for a directed verdict. Instead of pursuing that remedy, the appellate court *410 holds that the defendant, having applied for and “having been successful on its motion for new trial, could not seek a review by this [appellate] court of the action of the trial court in overruling its motions for directed verdicts * * V’ This puts the defeated party in a perilous situation. A defendant may contend that he is legally entitled to judgment, either on the pleadings or on the evidence as a matter of law; if he fails in that contention he still has an anchor to the windward; he has two strings to his bow. If the legal question be decided against the party, he has a right to submit his case to the jury on factual issues in the hope of securing a successful verdict, notwithstanding the adverse ruling of the trial court. A lawyer who fails to do this is derelict in his duties. The appellate court stated that, because of the defendant’s “election to stand upon its motion for a new trial, [it] may not now have its other questions reviewed.” This rule deprives the party of what Price, J., in Davis v. Turner, 69 Ohio St., 101, 68 N. E., 819, calls a valuable right; it deprives him of his anchor to the windward and the second string to his bow.
We have more than once held that a party’s election to stand upon his motion for a new trial does not deprive him of his right to ask for final judgment upon his motion for a directed verdict. The cases where this court has reviewed error arising from a trial court’s failure to sustain motions for a directed verdict are many; and in none .of them have we held that a party who successfully obtains a new trial is precluded from insisting’ on judgment in his favor as a matter of law. Among the cases cited in support of this procedural rule, and which are analogous to this are Davis v. Turner, supra, and Jacob Laub Baking Co. v. Middleton, 118 Ohio St., 106, 160 N. E., 629. It is contended that since the defendant obtained a new trial such a judgment is not a final order which can be reviewed. The answer to that contention is that if defendant was *411 in law entitled to final judgment in its favor on his motion for a directed verdict, the trial court should have entered it; and if the trial court erred in that respect, either the appellate court or this court should do what the trial court should have done, to wit, enter a final judgment in favor of the defendant.
In the following cases this court has decided that one who successfully secures a new trial is not thereby precluded from insisting that he should have the litigation ended by a directed verdict in his favor. Twenty-five years ago the Supreme Court affirmed the Circuit Court of Hocking county in the case of Chris Holl Hardware Co. v. Logan Brick Supply Co., 84 Ohio St., 455, 95 N. E., 1144. The author of this opinion was then a member of the circuit court, and alluded to it on page 119 of the Baking Co. case, supra. The files disclosed that defendant made two motions, one for judgment on the special findings which the trial court overruled, another a motion for new trial, which was sustained. The circuit court, notwithstanding the grant of a new trial to the defendant, reversed the trial court for overruling the motion for judgment on the special findings and entered judgment for the defendant. The Supreme Court affirmed the appellate court on authority of Davis v. Turner, supra.
In the case of Hocking Valley Mining Co. v. Hunter, 130 Ohio St., 333, 199 N. E., 184, the Common Pleas Court overruled defendant’s motion for a directed verdict and for final judgment, hut thereafter sustained a motion of the defendant for a new trial. The Court of Appeals dismissed the proceeding in error instituted by the defendant on the ground that no final order was entered in the Common Pleas Court. This court reversed the- appellate court and remanded the cause to the Court of Appeals to determine whether the defendant was entitled to a directed verdict.
In the ease of Cincinnati Goodwill Industries v. *412 Neuerman, 130 Ohio St., 334, 199 N. E., 178, motions for a directed verdict were made by the defendant and overruled. Defendant’s motion for a new trial was granted. Defendant there, as in the instant case, prosecuted error to the Court of Appeals, which dismissed the error proceeding’s for the reason that there was no judgment or final order in the Common Pleas Court. This court reversed the judgment of the Court of Appeals and remanded the cause to the appellate court, assigning as reason therefor “that the action of the trial court in overruling the motions of defendant for a directed verdict and for judgment contra verdict and granting the motion for a new trial constituted a final order from which error may be prosecuted. ’ ’ Had the defendant been unsuccessful in obtaining a new trial, it would have the right to prosecute error on an assignment that the trial court should have directed a verdict in its favor. We are unable to conceive how it could be deprived of that right by its election to go to trial or by filing a motion for a new trial in case of an unsuccessful verdict.
It appears that the Court of Appeals refused to review the errors assigned in its petition in error in that court. The cause will be remanded to the appellate court with directions to review the assignments in error, including the assignment that the trial court erred in refusing to direct a verdict in its favor at the close of the entire evidence.

Judgment reversed.

Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.