**SINGER, Plaintiff-Appellee, v. BRINKS, INC., etc., et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4253.  Decided October 5, 1949.

Hamilton & Kramer, Columbus, for plaintiff-appellee.
Clifford L. Rose, Edward F. Lynch, Columbus, for defendants-appellants.

### OPINION

By MILLER, PJ.

This is an action for damages arising out of a collision between two automobiles.  A jury trial was had, the verdict being for the plaintiff.  The first four assignments of error are based upon the proposition that the court failed to apply

§6307-37 GC to the facts presented. If we were to give the testimony its most favorable interpretation in behalf of the defendant it would show that the plaintiff was driving in a southeastwardly direction on Northwest Boulevard, approaching the intersection of West Third Avenue; that the defendant was approaching the intersection from the plaintiff's left, driving westerly on West Third Avenue; that when the plaintiff was approximately ten feet from the intersection he brought his car to a stop looking to his right and into a tailor shop on the corner. He then proceeded and when he arrived at the intersection he again stopped, looked for oncoming traffic, then started up again. When he had proceeded not to exceed ten feet he saw the defendant approaching from his left at a high speed. Realizing the immediate danger he stopped his car and soon thereafter he was struck by the defendant's truck. The driver of the truck was called for cross-examination by the plaintiff. He testified that when he first saw the plaintiff's car it had come to a stop at the intersection while his truck was 50 feet away. Appellant is contending that the plaintiff was negligent in that he violated §6307-37 GC, which provides:

"(a) No person shall start a vehicle, street car or trackless trolley which is stopped, standing, or parked unless and until such movement can be made with reasonable safety";

and that therefore his motions for an instructed verdict should have been sustained. We are in accord with the court's rulings on these motions. We do not think the facts in this case bring it within the terms of §6307-37 GC. The evidence clearly shows that the plaintiff approached the intersection cautiously which fact should not cause him to lose the right of way. Were the fact that he stopped ten feet from the intersection to be held against him, while another could approach lawfully at the maximum speed, a most unusual situation would be found to exist. The words of Judge Matthias in the case of **Pitt v. Nichols, 138 Oh St** at page 563, seem quite appropriate:

"It would be a queer doctrine to assert and apply that the exercise of caution is negligence. It cannot be held that a motorist, by slowing down before entering an intersection, thereby waives the right of way conferred by statute and justifies the driver on the left to proceed at a high rate of speed across the intersection."

It is also urged that even though the plaintiff was on the right, he is not entitled to the benefits of the right of way statute (§6307-40 GC) because the plaintiff did not proceed "uninterruptedly" in accordance with §6307-2 GC, which defines right of way as:

"The right of a vehicle, street car, trackless trolley or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, street car, trackless trolley or pedestrian approaching from a different direction into its or his path."

The appellant's interpretation of this statute is that one who interrupts his own forward movement by stopping, removes himself from the benefits of the statute. We do not agree with this construction. We think it means that the person on the right has the right to proceed continuously and without interference. The case of **Gratziano v. Grady, 83 Oh Ap 265,** decided by this court, is cited, which is not on all fours with the case at bar, for there the driver of the vehicle on the right was engaged in making a left turn at a dead end intersection. He was not therefore moving in the same direction in which he had been proceeding, which removed him from the benefits of the statute.

Another error assigned is that on the voir dire examination one of the jurors failed to disclose that a member of her family had been in an automobile accident. As the bill of exceptions does not contain the interrogation of the jurors this cannot be the basis of an error assignment. We think that the evidence supports the verdict and that the same is not excessive.

Finding no prejudicial error in the record, the judgment is ordered affirmed.

HORNBECK and WISEMAN, JJ, concur.