Zimmerman, J.
The first question this court is called upon to decide is whether there was a final order in the trial court from which the defendant might appeal.
Plaintiff contends there was not and that defendant’s motion for judgment on the evidence after the verdict had been set aside by the granting of the motion for a new trial was without validity or effect.
In support of such position plaintiff relies on the case of Green v. Acacia Mutual Life Ins. Co., 156 Ohio St., 1, 100 N. E. (2d), 211, and Section 11599-1, General Code, which provides:
“No motion for judgment notwithstanding the verdict may be filed after a judgment in conformity to the verdict shall have been approved by the court in writing and filed with the clerk for journalization.”
It is important to note, however, that ultimately defendant’s appeal to the Court of Appeals was not from the order of the trial court sustaining plaintiff’s motion for a new trial and vacating the judgment theretofore rendered, as was the situation in the Green case, but was from the order of that court overruling defendant’s motion for judgment on the evidence received during the trial.
Section 11601, General Code, expressly states that “when, upon the statements in the pleadings or upon the evidence received upon the trial, one party is en *515 titled by law to judgment in his favor, judgment shall be so rendered by the court, although- a verdict has been found against such party.”
Section 11599-1, General Code, is without application because it has reference solely to a motion for judgment notwithstanding the verdict. Here, the defendant had secured a favorable verdict and its concern was with obtaining a judgment on such verdict because, as it claimed, the evidence produced in the trial entitled it to the same. At appropriate stages in the trial, defendant moved for a directed verdict in its favor and there is nothing in Section 11601, General Code, which precluded it from moving for a judgment on the evidence following the granting of plaintiff’s motion for a new trial. Such latter motion in effect constituted a renewal of the motions for a directed verdict made during the trial.
This court has heretofore held that where in the course of a trial a defendant appropriately moves for a directed verdict, which motion or motions are overruled, a verdict is returned for the defendant, and plaintiff’s motion for a new trial is sustained, there emerges from such sequence of events a final appeal-able order. See Hubbuch v. City of Springfield, 131 Ohio St., 413, 3 N. E. (2d), 359, and Murphy, a Minor, v. Pittsburgh Plate Glass Co., 132 Ohio St., 68, 4 N. E. (2d), 983. Compare Hocking Valley Mining Co. v. Hunter, 130 Ohio St., 333, 199 N. E., 184; Michigan-Ohio-Indiana Coal Assn. v. Nigh, Admx., 131 Ohio St., 405, 3 N. E. (2d), 355; Cincinnati Goodwill Industries v. Neuerman, 130 Ohio St., 334, 199 N. E., 178; Durbin v. Humphrey Co., 133 Ohio St., 367, 14 N. E. (2d), 5; Jacob Laub Baking Co. v. Middleton, 118 Ohio St., 106, 160 N. E., 629; Jolley v. Martin Bros. Box Co., 158 Ohio St., 416, 424, 430, 432, 433, 437, 109 N. E. (2d), 652; Hurt v. Rogers Transportation Co., ante, 70, 113 N. E. (2d), 489.
*516 The above-cited cases are not questioned or challenged in Green v. Acacia Mutual Life Ins. Co., supra, as a perusal of the opinion in that case will disclose. It should be apparent that the question presented in the Green case and the one now before the court are quite different in character.
It is, therefore, our conclusion that the Court of Appeals was not in error in refusing to dismiss defendant’s appeal.
The next question for determination is whether the defendant is entitled to a judgment, after giving the plaintiff the benefit of the most favorable inferences to be drawn from the evidence. Restated, does the evidence reasonably warrant different and conflicting inferences therefrom?
Fortunately, neither the applicable rule of law nor the operative facts are in dispute. Rather, the controversy is the familiar problem of applying the agreed law to the undisputed facts.
It is conceded that the defendant owed the plaintiff-passenger the highest degree of care commensurate with the practical operation of its bus. Likewise, it is agreed that this is not a so-called “jerk” case. The bus did not move during the time the plaintiff was attempting to board it.
The plaintiff’s fall occurred about the middle of the forenoon on a “nice, clear day.” Inside the bus there was one step for use in reaching the floor level. The plaintiff, carrying a cane, purse and shopping bag, successfully mounted this step while holding to a perpendicular bar located for that purpose at the side of the door. She then placed one foot on the bus floor and reached for a horizontál bar or railing located also for that purpose farther inside the bus. She missed the railing and this caused her to fall. In her testimony she said, “I * * * went to grab for the rod and when I didn’t get the rod that threw me backwards and I went out that way. ’ ’
*517 She testified also:
“Q. Did you catch the bar or not? A. No, I missed it.
“Q. And that let you go backwards and lose your balance, didn’t it? A. That is right.
“Q. It all happened very quickly, didn’t it? A. You can imagine how quick * *
Plaintiff’s sole claim of negligence on the part of the defendant is that, in the exercise of the highest degree of care commensurate with the practical operation of its transportation system, the defendant’s operator owed plaintiff the duty to assist her in boarding the bus.
This contention is based mainly on the facts that the plaintiff was then 56 years of age, was carrying a cane, and was troubled with arthritis in her left knee. One difficulty with such claim is that, although the plaintiff’s age and cane were observable, the record contains no evidence whatsoever tending to show that the operator knew or should have known about her arthritic condition. Likewise important are the facts that she made no request for assistance and did “not look at the bus driver at all” or inform him of her condition. She testified that she did not “anticipate any trouble in boarding the bus at all” and never had fallen “before on any steps of any kind before that day.” If she, fully aware of her own condition, anticipated no difficulty, it hardly would seem consistent to require the bus operator to anticipate it. In fact the plaintiff experienced no difficulty in reaching the first step safely. It was when she attempted to grasp the horizontal railing that the trouble suddenly started. She “missed” the railing. Manifestly this failure on her part was the sole cause of her fall — not negligence on the part of the defendant. In her own words, “I * * * went to grab for the rod and when I didn’t get the rod that threw me backwards. ’ ’
*518 During the trial the plaintiff proffered testimony that previously some operators had assisted her in boarding busses. But no evidence was offered to show when or under what circumstances this occurred or whether this operator was aware of it. The proffered testimony clearly was irrelevant, and the objection thereto was properly sustained.
It is unfortunate, of course, that the plaintiff was injured. However, in order to recover from the defendant she is required by law to produce evidence tending to show that the latter failed to perform a duty owed to her as a passenger. This she has not done. Hence, the courts below were in error in not rendering judgment for the defendant.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for the defendant.

Judgment reversed.

Weygandt, C. J., Hart, Stewart and Lamneck, JJ., concur.
Middleton, J., concurs in the judgment.