HARRINGTON, APPELLANT, *v.* DODGE; CITY OF COLUMBUS, APPELLEE.

(No. 7399—Decided January 14, 1964.)

*Messrs. Finneran, Finneran & Finneran* and *Messrs. Wonnell, Zingarelli & Malone,* for appellant.

*Mr. John C. Young,* city attorney, *Mr. Alba Whiteside* and *Mr. James R. Kirk,* for appellee.

TROOP, J. This is an appeal upon questions of law from a judgment of the Columbus Municipal Court.

Plaintiff, Olga M. Harrington, filed an action against Melvin B. Dodge and the city of Columbus. An accident occurred on June 1, 1959, at the intersection of West Broad Street and Westgate Avenue, between a 1957 Chevrolet, owned by the city of Columbus and driven by Melvin B. Dodge, its employee, while working within the range of his authority, and a 1947 Buick owned by the plaintiff and operated by her husband, Gerald V. Harrington. Plaintiff was in the car with her husband at the time of the accident. These basic facts can be drawn from the pleadings, and the parties are in essential agreement concerning them.

It is alleged in plaintiff's petition that the intersection involved is an offset, or jog, intersection and that the west curb line of South Westgate is approximately 75 feet east of the east curb line of North Westgate and that the intersection is controlled by two traffic control devices, one as to South Westgate which has lenses facing north, east, and south, and another as to North Westgate with lenses facing north, west, and south. The answer of the defendants admits the jog and that two partial traffic control signal lights are installed at the intersection.

There seems to be no dispute that plaintiff's Buick moved northerly on South Westgate and then westerly on Broad; that the Chevrolet belonging to the city of Columbus moved southerly on North Westgate into the intersection of Broad; and that a collision occurred between the two vehicles. Other basic facts, and certain refinements of them, as well as the specifications of negligence asserted by the plaintiff, are in dispute.

At the time of trial defendant city of Columbus made a motion at the close of the plaintiff's case, for a directed verdict in its favor, which motion the trial court sustained. Defendant Dodge had previously been dismissed as a party defendant. Plaintiff's motion for a new trial was overruled. A motion requesting that the court state in writing separate findings of fact and law in support of the judgment, made following a direction to the jury to find for the defendant, was filed by the plaintiff. The trial court made the separate findings of fact and law and answered the interrogatories which had been directed to the

court. It is from the entry reciting that at the close of the plaintiff's case a verdict for the defendant was directed and the final order overruling plaintiff's motion for a new trial that this appeal is taken.

Plaintiff presents five assignments of error for consideration. Assignments of error numbered 1, 2, 4, and 5 involve a consideration of the evidence before the court. Briefly summarized, they urge that the court erred in ruling that the plaintiff had not made a prima facie case; that the court usurped the function of the jury in making findings of fact where the evidence was contradictory; that the court was wrong in ruling as a matter of law that the defendant was free from negligence; that the finding that defendant was free of negligence was against the manifest weight of the evidence; and that the question was one for the jury.

This court has before it only a partial bill of exceptions. It consists of a record of the partial cross-examination of the witness Melvin B. Dodge, and of the partial direct and partial cross-examination of Gerald V. and Olga M. Harrington. We hold that a partial bill of exceptions is insufficient to accomplish a review of the facts in the case before us. It is completely clear that the partial bill of exceptions is inadequate on appeal where the court is the trier of the facts and, in response to a motion, makes a separate finding of facts and law as required by statute. The case of *Ralston* v. *Admr. of Kohl* (1876), 30 Ohio St., 92, early established the rule that a question of the sufficiency of the evidence in such case can be raised only by a bill of exceptions.

A slightly different situation is created when a party resorts to Section 2315.221, Revised Code, effective July 19, 1961, requiring a trial court to state in writing separate findings of fact and conclusions of law after a verdict has been directed, as was done in the instant case. Any problem arising under the new section is resolved, however, by the more general rule set out in the case of *Jacob Laub Baking Co.* v. *Middleton* (1928), 118 Ohio St., 106, paragraph three of the syllabus of which reads:

"In such a case, where a motion for a directed verdict has been refused or sustained, the party aggrieved may seek a reversal or a final judgment in the reviewing court, if the whole evidence has been embodied in a bill of exceptions."

In the case of *Regan, Admx.,* v. *McHugh* (1908), 78 Ohio St., 326, we find the same rule expressed even more positively, as follows:

"A judgment of a trial court should not be reversed for error in directing a verdict for either party unless the record presented to the reviewing court affirmatively shows that it contains all the evidence upon which the direction was given."

The assignments of error dealing with matters of evidence are not well taken. It should be observed that the reasoning supporting the rule suggests that there is something sinister or mysterious about a partial bill of exceptions. It might present a selection of portions of evidence strongly favorable to the support of the error claimed when the trial court's conclusion must be presumed to have been drawn from the whole body of the evidence and in the absence of a complete bill of exceptions cannot be upset.

There is before this court only the facts as found by the trial court. It is in the application of the law to these facts that error might have occurred. When a finding of fact is requested by a party where the court is the trier of the facts it would appear that it is the judgment of that party that facts will be adduced such as to require the court to find conclusions of law favorable to his cause. It would appear that a similar kind of reasoning underlies the request made under Section 2315.221, Revised Code, the trial court having dispensed with the services of the jury by a directed verdict. In either situation the findings of fact, made a part of the record of the trial court, become the basis of an appeal on questions of law without a complete bill of exceptions. This is the situation in the instant case.

The facts as found by the trial court, to which he applied what he considered to be the applicable law, are as follows:

"1. The defendant, Melvin B. Dodge, entered the intersection of North Westgate Avenue and West Broad Street at a speed of approximately 10 m.p.h. when he was faced with a green light.

"2. Plaintiff testified that defendant Dodge was looking toward the west as he drove into the intersection. Defendant did not recall whether he looked east or west.

"3. Plaintiff's automobile approached the path of defend-

ant's automobile from the east as the latter entered the intersection, and struck it on the left side.

"4. Plaintiff's automobile struck defendant's automobile at a speed of approximately 10 m.p.h.

"5. There was no intersection signal light controlling plaintiff's movement as her automobile approached the path of defendant's automobile.

"6. Defendant's automobile was entering the intersection from plaintiff's right."

The court found that the defendant Dodge entered the intersection of North Westgate and West Broad Street on a green light and that the plaintiff's automobile approached that of the defendant from the east as the defendant entered the intersection and struck defendant's car on the left side and that there was no intersection signal light controlling the plaintiff's movement as her car approached the path of the defendant's car.

In the court's finding of facts only one intersection is mentioned. Defendant moved into that intersection on a green light which gives him the right of way under Section 4511.13, Revised Code. Since the intersection was unmarked for the plaintiff, without a green light the defendant would still have the right of way as to the plaintiff, since she approached from the east, which as the court found (Item 6) he then was "entering the intersection from the plaintiff's right." Defendant would have the right of way without a traffic control signal under Section 4511.41, Revised Code.

It is hard to understand sometimes why traffic engineering departments create such a monstrous and grotesque situation, as is suggested by the controls in the jog intersection involved here, permitting a driver to go 75 feet (alleged in plaintiff's petition) on a main street toward a traffic light blind to him but green for a driver approaching on his right, but such was the fact as the court found. As to his finding of facts the law was correctly applied.

The third assignment of error is not well taken. The judgment of the trial court is affirmed and the appeal is dismissed.

*Judgment affirmed.*

BRYANT and DUFFEY, JJ., concur.

(Decided March 3, 1964.)

On Reconsideration.

Troop, J.  Plaintiff urges reconsideration of this court's judgment issued January 14, 1964, dismissing the appeal herein.

In support of the motion for reconsideration, counsel urge, among other things, that it was not fatal to furnish only a partial bill of exceptions in connection with their appeal because the errors assigned were obvious from an inspection of the record.  Five assignments of error were asserted by appellant and were before us upon the first review, at least three of which required a complete bill of exceptions for proper consideration.

The first assignment of error recited a claimed mistake made by the court in directing a verdict at the close of the plaintiff's case.  A determination of the validity of this assignment of error can be drawn only from a complete record. Counsel now seek to reduce their appeal to merely one assignment of error demonstrable by reference to the answer of the court to plaintiff's tenth special interrogatory of fact.  The question reads as follows:

"Was the defendant Dodge looking over his right shoulder when he drove into the intersection?"

The answer of the court was "No."  Additional comment by the court follows the simple negative which counsel contend reveals that the court weighed the evidence in deciding to sustain defendant's motion for a directed verdict which under the law he may not do.

The comment, the basis for the argument of counsel, is associated with only a fragment of evidence and it still remains that a complete bill of exceptions is necessary before it may be decided whether or not he weighed the evidence.  That is particularly true when the language in the comment can be just as logically construed to mean that reasonable minds could not differ as to the bit of evidence which was the object of the interrogatory.  The court speaks, as follows:

"The court finds reasonable minds must consider this evidence to be a gross exaggeration made to serve some purpose of the plaintiff."

It seems clear that the court meant the fragment only when

he used the term "this evidence" and the balance of the comment could well mean that reasonable minds must come to but one conclusion concerning it.

Such a discussion is enough to emphasize the necessity of a complete bill of exceptions when an appellant seeks to challenge a directed verdict and expresses the view of this court concerning that necessity. For this reason the motion of appellant for reconsideration is overruled and the previous judgment is adhered to.

Because counsel urge that the decision in this case is inconsistent with previous decisions involving right of way at intersections, we comment briefly. Specifically, counsel call attention to three decisions with which this decision conflicts. They are: *Gratziano* v. *Grady* (1948), 83 Ohio App., 265; *Singer* v. *Brinks, Inc.* (1949), 56 Ohio Law Abs., 118; and *Michel* v. *Weber* (1958), 109 Ohio App., 305.

No one of the intersections, a part of the fact patterns in the cases cited, was controlled by a traffic signal light. Only the T-intersection case (*Gratziano*) even resembled the offset intersection in the instant case. Furthermore, the defendant here not only had a green light but the findings of fact show that no signal controlled the plaintiff's movement in the 75 feet traversed after turning west on Broad Street, and that plaintiff's car struck the defendant's car on the left side, there being no indication that defendant was in the act of turning.

It is true that the *Michel case, supra,* holds that the car having the preference at an intersection loses it when he fails to proceed in a lawful manner in the direction in which he is moving. Other cases phrase the proposition differently. Paragraph ten of the syllabus of the *Gratziano case, supra,* says that he loses the preference "when he changes direction."

In this case, the defendant was proceeding lawfully, *i. e.,* on a green light. Nothing in the conclusions of fact indicates he had changed direction. The type of intersection makes it obvious he "intended" to change direction but his intention was as obvious to the plaintiff as it was necessary for the defendant to do it to avoid winding up over the curb on the south side of Broad Street. This, in contrast to the full right-angle intersection in the *Michel case, supra,* where the intention of the defendant was not obvious, nor even suspected, by the plaintiff.

The green signal made defendant's movement lawful. He had to be proceeding in the direction he was going, either east or west on Broad Street, by virtue of the pattern of the intersection, obvious to the plaintiff, which situation distinguishes the *Gratziano case, supra*, in which only the plaintiff would have been obliged to turn. And finally, the plaintiff moved 75 feet after turning on Broad Street, before encountering the defendant approaching from the right, and failed to yield.

All of which has nothing to do with overruling the motion for reconsideration but is advanced at the request of the movant.

*Former judgment adhered to.*

BRYANT, P. J., and DUFFEY, J., concur.