THOMAS, APPELLEE, *v.* FISCHER, APPELLANT.

(No. 11023—Decided April 20, 1970.)

*Messrs. McIlwain & Rogoff*, for appellee.
*Messrs. Rendigs, Fry, Kiely & Dennis*, for appellant.

HESS, J. This is an appeal from the action of the Municipal Court of Hamilton County in entering a dismissal without prejudice after the trial court had indicated it would grant a motion for a directed verdict in favor of the defendant.

The plaintiff, Estell Thomas, alleges in her petition that on August 13, 1966, at about 3:45 p. m. she descended from the first floor to the basement, via the stairway, in the building known as 3376 Reading Road, Cincinnati, Hamilton County, Ohio, in which she was a tenant and which building was owned and controlled by the defendant, Eta Fischer; that the plaintiff received personal injuries and was damaged when she fell on the stairway; and that the proximate cause of her injuries and damage was the negligence of the defendant. The defendant's answer is a general denial. The cause went to trial with a jury.

To determine the issue in this case it would serve no purpose to review all the evidence and proceedings leading to this appeal. Suffice it to say, that when plaintiff rested her case in chief, counsel for the defendant presented a motion for a directed verdict in favor of the defendant; that the motion was discussed in chambers; and that when the court returned to the bench and after a brief col-

loquy between counsel and the court, the following appears in the bill of exceptions:

"Court Reporter's Note: Defense counsel advised the court he wished to make a motion out of the presence of the jury, at which time the jury departed the court room. Mr. Fry advised the court reporter to note that he was making a motion for directed verdict.

"The motion for directed verdict was argued in chambers, off the record, principally out of the presence of the court reporter. Judge Denning, Mr. Fry, and Mr. Rogoff re-entered the court room from Judge Denning's chambers.

"Mr. Fry: (to the court reporter) You already noted that I made a motion to dismiss.

"This matter has been discussed with Judge Denning by Mr. Rogoff and myself. And may I ask the Judge to speak on the ruling, or on his opinion?

"Mr. Rogoff: There is nothing to discuss, except my motion to dismiss without prejudice, and I'm doing it.

"The Court: The court indicated in chambers that he was going to sustain the motion to dismiss, but before the court could call the jury in—

"Mr. Fry: Excuse me, your Honor. When you say, 'Sustain the motion to dismiss,' you mean the motion for a directed verdict?

"The Court: Motion for directed verdict, rather. And that before the court could call the jury in and give them the instructions, the plaintiff moved to dismiss his case without prejudice, which the court granted.

"Mr. Fry: Would you note the defendant's exception to the accepting or granting—I should say, accepting and granting—of the motion of the plaintiff to dismiss this case, for the reason that the defendant's motion for a directed verdict was before this court, and had actually been ruled on by the court, before the motion to dismiss, or request to dismiss, was made by the plaintiff.

"Mr. Rogoff: If the court please, what he's talking about is a bill of exceptions. The court only speaks through its journal, and you can't have a journal on this, because I am dismissing without prejudice before journalization. It's moot the way it is now. He can't have a narrative

bill of exceptions on anything right now. It's dismissed without prejudice, at the plaintiff's costs, and that's the end of it.

"Mr. Fry: You're dismissing your case after Judge Denning indicated how he was going to rule on the motion for a directed verdict, and I strenuously object to that.

"Mr. Rogoff: I can't go along with that.

"The Court: I think he has a right to dismiss at any time before the case is submitted to the jury. That's true.

"Call the jury, and we'll dismiss the jury.

"Mr. Fry: Would you note my exception to the court permitting the dismissal."

The issue presented is whether a court may sustain a motion by the plaintiff to dismiss his action without prejudice after the plaintiff has rested and the court has indicated that a prior motion to direct a verdict for the defendant would be sustained.

This question has been determined in the case of *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St. 106. Paragraph one of the syllabus of that case reads:

"Where, after the parties have introduced their evidence and rested, a defendant moves the court for a directed verdict in his favor, the submission of such motion is a submission to the court within the purview of Section 11586, General Code [now R. C. 2323.05]. After such submission and subsequent announcement of its conclusion favorable to the defendant the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant."

See, also, *Turner* v. *Pope Motorcar Co.,* 79 Ohio St. 153.

On the authority of the cases cited, the judgment of the Municipal Court in permitting the plaintiff to dismiss her cause of action without prejudice is reversed and this cause is remanded to the Municipal Court of Hamilton County to determine and journalize its action on the motion for directed verdict presented by the defendant when the plaintiff rested.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.