## YOUNGSTOWN (city) v JACKSON

Ohio Appeals, 7th Dist, Mahoning Co
Decided March 20, 1931

W. S. Metcalfe, Youngstown, for Jackson.
H. R. Thombs, Youngstown, for The City of Youngstown.

ROBERTS, J.

The issues presented for present consideration, as claimed by counsel for the plaintiff in error, are as follows:

1. Was there a scintilla of evidence, either actual or constructive, as to notice on the part of the city?

2. Does theory of Res Ipsa Loquitur apply in the case?

3. Did the action of the court in sustaining the motion for a new trial amount to an abuse of judicial discretion?

4. Was the order of the court setting aside the judgment and ordering a new trial a final order from which error can be prosecuted?

It is learned from the instructions of the court to the jury in the Court of Common Pleas directing the verdict, that it was conceded that there was no allegation in the petitions and no evidence in the case indicating, or tending to indicate, that the city had either actual or constructive notice of the defective condition of the bridge, and that it was further conceded by counsel for the plaintiff at that time that the rule of res ipsa loquitur did not apply, and it may be now said that it is conceded that there was not actual or constructive notice, but it is claimed by counsel for the defendant in error that such notice or knowledge on the part of the city is not necessary, for the reason, as now claimed, that this was a res ipsa loquitur case, so-called, and that being the fact, it was unimportant whether or not the city had knowledge of the improper condition of the bridge. There is no contention but that if the rule of res ipsa loquitur does not apply, then the petition was not sufficient. Neither was the evidence sufficient to show a cause of action against the city by reason of the failure to allege or prove knowledge on the part of the city.

Proceeding now to a consideration of the questions as to whether or not this was a res ipsa loquitur case, that maxim or rule of law has been under consideration by the Supreme Court of this state in several rather recent cases. Attention is directed now to the case of **Mansfield Public Utility & Service Company v Gregg, 103 Oh St**, commencing on page 301. Attention is called to a part of that case which appears on page 304 in the opinion, where reference is made to the rule of res ipsa loquitur, and it is said by the court:

"From the cases and texts examined, this doctrine, as it has been interpreted and developed in our jurisprudence, amounts to a

rule of law; where one charged with some degree of care by act or omission injures another, not only without fault but without active participation on the part of such other, and the agency or thing causing the injury is within the entire control or use of the injurer, • then the presumption of negligence itself arises—the thing speaks for itself."

It will be readily understood that this rule does not apply where the instrumentality was under the control or management or in the use of two different parties. If such were the fact, then a presumption could not be indulged in that the situation or condition complained of was the result of the negligence of one of those parties. It is important to observe that this opinion distinguishes and excludes from the rule such situation as where the instrumentality is not within the entire control or use of the injurer.

Now, it is urged in this case that such was the fact, that this was a county bridge wholly within the city of Youngstown, and this is conceded to be the fact, and that both the city and county owed a duty to repair the bridge, and that such being the fact the issue would be taken out of the rule of res ipsa loquitur. §2421 GC reads, in part, as follows:

"The county commissioners shall construct and keep in repair necessary bridges over streams and public canals and state and county roads, free turnpikes, improved roads, abandoned turnpikes and state roads in common public use, except only such bridges as are wholly in cities and villages having by law the right to demand, and do demand and receive part of the bridge fund levied upon property therein."

Whether or not the city of Youngstown has demanded or received a part of the bridge fund the evidence in this case does not disclose, so that it may not with certainty be concluded that the county was under a duty to repair this bridge. However, perhaps that is not very important in the opinion of this court, for the reason that we think the determining factor or proposition in situations of this kind and where the instrumentality is a public bridge or like structure, that in such instance or particular in a bridge, although it may be built by the city or by the county, it does not remain under the exclusive control or use of the person or corporation constructing for its intended purpose. It is turned over to the public for its use and it may reasonably be presumed that when a defective condition results that such condition is not necessarily or probably the result of any negligence upon the part of the city, but the result of the use of the bridge, either properly or improperly, and that in such situation the city does not have such control over the instrumentality as to permit the invoking of the rule of res ipsa loquitur. It may be observed that there is no evidence in this case as to what caused this plank to become loosened so that it tipped when stepped upon, resulting in the injury to the defendant in error. It may have been the result of a truck or other vehicle coming in contact with it as part of the traveling public, and concededly there was no notice of it to the city, and at this time I will further suggest that it has been argued that the mere fact that this plank was loose raises to some extent, at least, a presumption of defective condition previously which may or ought to be considered as notice upon the part of the city; that is, it is said that this plank must not necessarily be considered as suddenly having become loosened. That is a matter that the evidence does not disclose, and we do not understand or believe that the mere fact that the plank was loose at this time was any indication or a situation from which an inference can be drawn that it had been loose for any considerable time previous thereto, which might properly be considered as constructive notice. It is very reasonable that while perhaps the fastening by spikes or otherwise, whatever the fact may have been, might with use or jar of the bridge have become weakened, that the separation did not actually occur until the time of this accident.

In the case of **Loomis v Toledo Rys & L. Co., 107 Oh St 161**, it is said in the opinion, quoting from Sherman & Redfield on Negligence:

"The causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If from the nature of the event causing the injury or enquiry naturally arises which one of two or more persons, acting independently, is responsible; or, if it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms."

Reading the first paragraph of the syllabus in the case of **Glowacki, a Minor, v The Northern North Western Ohio Ry & Power Co., 116 Oh St, 451**, it is said:

"The rule of res ipsa loquitur is not a substantive rule of law. It is rather a rule of

evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions. A like instance under like circumstances may be drawn by the court when the court is the trier of the facts."

The law, as it has thus been determined by the Supreme Court, as we construe it, does not include or bring within the rule those cases similar to the one under consideration, where the instrumentality is constructed for and devoted to the use of the public where there can be no inference indulged in that the negligence was caused by the defendant in the case or the person who constructed the instrumentality. So that the conclusion is reached that the rule of res ipsa loquitur is not applicable to this case, and such being the fact, the petition and the evidence in the case were fatally defective and wanting, in there being no allegation or proof of knowledge, actual or constructive, on the party of the city as to the defective condition.

The next and remaining proposition for consideration is whether or not there was a final order in this case from which error can be properly prosecuted. It will be recalled, as previously stated, that the court directed a verdict for the defendant, the city, and subsequently granted a new trial on the motion of the plaintiff below. As applicable to this situation, attention is directed to the case of **Jacob Laub Baking Company v Middleton, 116 Oh St, 106.** It is said in the syllabus:

"When the proof of the essenital facts put in issue and the reasonable inference deducible therefrom are such that the jury, as fair minded men, should reasonably arrive at but one conclusion, it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains.

In such a case, where a motion for a directed verdict has been refused or sustained, the party aggrieved may seek a reversal or a final judgment in the reviewing court, if the whole evidence has been embodied in a bill of exceptions.

The refusal of a trial court to direct a verdict for a defendant, and a dismissal of the cause without prejudice, determines that action and prevents a judgment in favor of defendant; this constitutes a final order within the purview of §12258, GC, and is reviewable on error."

In the opinion it is said on page 117:

"Was the refusal to direct a verdict for the defendants a final order from which error may be prosecuted? Section 6, Article 4. of the Constitution, adopted in 1912, confers appellate jurisdiction on the Court of Appeals to review judgments of courts of records. While, strictly speaking, no judgment was entered on the court's decision on the motions, its refusal to formally enter its judgment on the motions in accordance with its announcement after their submission, and its dismissal of the case, terminated that action against the defendants and prevented a judgment in their favor.

Sec 12258, GC, defines a final order as follows: 'An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment.'

This court has held that a final order, as defined in that section, is comprehended within the term 'judgment', and that it is as reviewable since the adoption of said constitutional provision as it was prior thereto.

The refusal of the court to direct a verdict at the close of the entire evidence and to render judgment thereon is analogous to its refusal to enter judgment on the special findings of the jury when they are found to be inconsistent with the general verdict. In either case the party has been deprived of a judgment to which he may be entitled. If so entitled, the action of the trial court in overruling a motion for a directed verdict and for judgment constitutes a final order which may be reviewed."

The issues in the case just quoted from are not materially different from the case under consideration, and upon this authority the conclusion is reached that the trial court was right in directing a verdict for the plaintiff below, and therefore erred in granting a new trial, and that there was a final judgment in this case, or that the situation was such that in fact and effect it constituted a final order, and such being the fact, error was properly prosecuted therefrom.

This disposes of all of the questions raised on the issues in this case, and it follows that the judgment of the Court of Common Pleas should be and is reversed.

FARR and POLLOCK, JJ, concur.