**LUCKE v ROBISON & CO, INC, et**

Ohio Appeals, 6th Dist, Lucas Co

Decided April 26, 1937

Edward Lamb, Toledo, for appellee.
Welles, Kelsey & Cobourn, Toledo, and Frank A. Harrington, Toledo, for appellants.

## OPINION

By OVERMYER, J.

Ralph A. Lucke, appellee, brought an action in Common Pleas Court against David Robison & Company, Inc., David Robison, Willard Robison and the United States Fidelity & Guaranty Company, appellants, for damages in the sum of $3,000, and in his amended petition alleged that on August 14, 1931, David Robison, acting for himself and as salesman and agent for the other named defendants, by false and fraudulent representations induced plaintiff to purchase ten shares of stock, the property of Willard Robison, in the Ohio Savings Bank & Trust Company of ·Toledo, Ohio, at a price of $200 per share. It was further alleged that the bank was closed for liquidation the next day and that plaintiff lost not only the $2000 paid for the stock but was called upon to pay and did pay $1,000 double liability on the stock.

Issue was joined and on trial, at the conclusion of plaintiff's case, the court directed a verdict in favor of the defendants, whereupon the plaintiff filed a motion to vacate and set aside the verdict and for new trial, and the defendants severally moved for judgment in their favor on the directed verdict. The court overruled defendants' motions for judgment and granted plaintiff's motion and set aside the verdict and awarded a new trial, on the ground that the court had erred in granting defendants' motions for a directed verdict.

From the order of the court setting aside the verdict, overruling the defendants' motions for judgment and granting a new trial, the defendants appeal on questions of law. Errors assigned are the overruling of defendants' motions for judgment on the directed verdict, and the granting of plaintiff's motion for new trial.

Plaintiff contends that the orders complained of are not final orders and therefore not appealable, and moves to dismiss the appeal. On authority of several recent Supreme Court and other Ohio decisions, the motion must be overruled. The overruling of defendants' motions for judgment on the directed verdict in their favor was certainly a final order, and it is also now held that an order setting aside the verdict and awarding a new trial is an order from which an appeal may be prosecuted, ·if there has been gross abuse of discretion in granting a new trial or a motion for directed verdict was erroneously overruled. §11601, GC, (effective September 2, 1935): **Jacob Laub Baking Co. v Middleton, 118 Oh St 106, 160 NE 629; Cincinnati Goodwill Industries v Neuerman, 130 Oh St 334, 199 NE 178; Hocking Valley Mining Co. v Hunter, 130 Oh St 333, 199 NE 184; Hubbuch v City of Springfield, 131 Oh St 413, 3 NE (2d) 359; Murphy, a Minor v Pittsburgh Plate Glass Co., 132 Oh St 68, 4 NE· (2d) 998; Youngstown v Jackson, 10 Abs 184;** Goldman v Eastern Greyhound Lines, Court of Appeals, Cuyahoga County, January 11, 1937 (unreported).

We consider, therefore, the record before us to determine whether the trial court erred in overruling defendants' several motions for judgment on the directed verdict in .their favor at the conclusion of plaintiff's case, and in granting a new trial.

The action being one based upon alleged false and fraudulent representations, the elements required to be proved to entitle plaintiff to recover are:

1. That there was a representation as to an existing or past fact, material to the transaction;

2. That such representation was false at the time it was made;

3. That the representation was made in bad faith with knowledge that it was false;

4. That it was made with the intent of misleading plaintiff into relying upon it;

5. That plaintiff must have relied upon the representations with a right to so rely; and,

6. Injury must have resulted as a consequence of such reliance.

All of these ingredients must be found to exist, and the absence of any of them is fatal to a recovery. **19 Ohio Jurisprudence 336**, and cases there cited.

The amended petition contained the following allegations of facts:

"Plaintiff further says that at and immediately before the purchase of the stock as aforesaid, the defendant, David Robi-

son, acting for himself and as salesman and agent of the David Robison & Company, Inc., and for the defendant Willard Robison, did falsely and fraudulently represent to this plaintiff that the purchase of said stock was a safe and sound investment, and that the Ohio Savings Bank & Trust Company was solvent, safe, and sound and in good financial condition; that said bank would continue in operation of its business and would not be closed, or words to that effect and purport; all of which said defendants knew to be false and all of which this plaintiff relied upon when purchasing this stock."

It was further alleged that the defendant, David Robison, was then a director of the bank and knew its financial condition and knew the representations made to plaintiff were false, fraudulent and untrue; that the insolvency and proposed closing of the bank were then known to Robison and had been known for some time; that defendants knew the stock was entirely worthless and of no value.

If the foregoing allegations are supported by some proof they are sufficient to carry the case to the jury. We have examined the record fully and are of the opinion that there is some proof in the record tending to sustain each of the elements required to be proved except on the question of plaintiff's reliance on the representations made, on which point there is no evidence whatever.

Plaintiff was not asked a single question as to whether he believed the statements and representations made to him by Robison were true, and relied upon them and was induced thereby to buy the stock, nor are any circumstances shown by the evidence from which an inference might be drawn to that effect. On the contrary, the evidence shows that the plaintiff was at the time, and had been for a long time, a customer and depositor of the bank, and that he knew some of the officers and employees of the bank. It is not claimed that the plaintiff knew, when he purchased the stock, that Robison was a director of the bank. The failure to show any proof whatever that plaintiff relied on the representations so allegedly made to him is a fatal omission of proof in an action based on fraud and deceit. No presumption can be indulged to supply the omission. See 19 **Ohio Jurisprudence**, 336; 12 Ruling Case Law 240, and **Aetna Ins Co. v Reed**, 33 **Oh St 283.**

There being no proof whatever in the record on one of the essential elements required to be proven to make out a case, the trial court erred in not entering judgment on its directed verdict for defendants and in granting a new trial, and the judgment must be reversed with directions to so enter judgment and overrule the motion of plaintiff for a new trial.

Judgment reversed and cause remanded.

LLOYD and CARPENTER, JJ, concur.