## CONGER v QUAKER OATS CO

Ohio Appeals, 9th Dist, Summit Co

No 2887. Decided Sept 29, 1937

Snyder, Seagrave, Roudebush & Adrion, Cleveland, and Sheck, Marsteller & Wendelken, Akron, for appellee.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

## OPINION

By WASHBURN, J.

Latham H. Conger brought an action in ejectment against the Quaker Oats Co., seeking to obtain possession of certain canal land, belonging to the state of Ohio but in the possession of the Quaker Oats Co.; in and upon which land said company had erected valuable buildings and structures which were used in connection with its manufacturing plant nearby.

At the close of the evidence on behalf of Conger, the trial court, upon the motion of said company, directed the jury to return a verdict in favor of said company, which was done.

Thereafter, Conger filed a motion for a new trial, and upon consideration of the same the trial court concluded that an error had been committed and granted said motion for a new trial.

The controversy is now before this court upon an appeal on questions of law by said company, which claims that at the time its motion was made for a directed verdict the record was such as to require the court to grant the motion, as it did, and that there were several reasons why that was true. We shall not attempt to discuss all of said reasons, but we agree with the contention that it was not error for the trial court to grant such motion.

Having granted the motion and having discharged the jury, the jury trial was ended, and the company had obtained a substantial right, rendering reviewable in this court the action of the court in granting the motion for a new trial.

The answer of the company made the defense of general denial, and then plead several specific defenses. We shall discuss only the general denial defense.

To establish his cause, Conger introduced in evidence a lease between himself and the state of Ohio, department of public works, which he claimed included the land in question in addition to other land; and it developed upon cross-examination that for many years the land in question had been in the possession of said company, and that the company had erected thereon valuable buildings and structures. it having a lease from the state upon lands contiguous thereto.

The right of Conger to the possession of

the land in question depended, under the record in the case, entirely upon the validity of his lease from the state of Ohio, and the record discloses that, previous to his application for the lease which he introduced in evidence, said The Quaker Oats Co. had applied to the state of Ohio through its department of public works for a lease upon the land in question, and that Conger was well aware of that fact when he made his application for a lease.

Under the laws of Ohio governing the department of public works (§§13966, 13967, GC, found in Page's 1926 Annotated General Code, Vol. 3, page 5971), said company, under the facts disclosed by the record, was entitled to a lease of said land "upon the same terms and conditions as any other person or corporation would or might be entitled to" under the law. As we construe the law, until that right was voided by the department of public works in the manner provided for voiding the same by the statute, or such right was lost by some act of said company, the department of public works was incapacitated from leasing said land to said Conger or anyone else. The record fails to show any action on the part of the department of public works or of said company which in any way voided such right, and as we view the record no evidence was offered which tended to prove any action on the part of the department of public works or of said company which would void said right.

Such right was the right of said company, and it alone could waive such right, and therefore nothing that was done by the department of public works or Conger can be considered as a waiver in any way affecting said right of said company.

It appearing from the record that at the time said lease was made such right of the company had not been voided, and the right of the department of public works to make a lease to Conger depending upon that fact, and such right being a statutory right and the power of the department of public works being governed by statute, Conger was not entitled to prevail upon the mere introduction in evidence of the lease made by the department of public works to him. In other words, the lease, accompanied by the circumstances shown in the record, did not constitute prima facie evidence of title or right of possession in Conger, and therefore the court was right when it directed a verdict in favor of said company.

Some of the other reasons claimed as justifying the direction of the verdict by the court are persuasive, but we need not pass upon the same.

The order of the court granting the motion for a new trial will be reversed, and the judgment which should have been entered by the trial court will be there entered; overruling the motion for a new trial, and entering judgment for said company.

STEVENS, PJ, and DOYLE, J, concur in judgment.