### GEARHART v COLUMBUS RAILWAY, POWER & LIGHT CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2930. Decided May 5, 1939

C. C. Crabbe, Garek & Sillman, Columbus, for plaintiff-appellee.

Henderson, Burr, Randall & Porter, Columbus, and Lawrence D. Stanley, Columbus, for defendant-appellant.

### OPINION

By GEIGER, J.

On the invitation of this Court when delivering the former opinion, we have been favored with a discussion of the question as to whether or not there is in the case. as it stood in the court below any final order from which appeal could be taken. We have always had some doubt as to the correctness of our former opinion and still are in doubt. We recognize the consideration that should be given to the briefs of counsel for both appellant and appellee and the pertinency of the cases cited. In the Bar Association Report of April 17th our attention has been attracted to the case of **Shoemaker v Oil Company,** 135 Oh St 262. On page 263 appears the statement:

"On trial in that court the jury returned a verdict for defendant. Thereupon the plaintiff filed a motion for judgment in their favor notwithstanding the verdict, and a motion for a new trial.

The trial court sustained the motion for a new trial but overruled the other motion of the plaintiffs. Thereupon plaintiffs took an appeal to the Court of Appeals but did not prepare or file a bill of exceptions."

While the state of facts thus disclosed are not identical with those appearing in the instant case yet the similarity is marked. It appears that no question was raised as to the right of the plaintiff to appeal, it thus appearing that such right is conceded. See also **Conger v Quaker Oats Co.,** 25 Abs 353; **Lucke v Robinson & Company,** 24 Abs 551; **and Youngstown v Jackson,** 10 Abs 184.

In the interest of an early determination of this case and for the purpose of allowing both sides an early appeal to the higher court as each may determine, we have concluded to review the case as upon appeal on the theory that the order appealed from was final.

This brings to our attention the question as to whether or not the order of the court granting the motion for a new trial is prejudicial to the defendant-appellant. If the state of the case was such at the time its motion was made as to entitle it to a directed ver-

dict and to a judgment, then we should reverse the court below and render the judgment that should have been rendered. If, however, the evidence is such that the cause should have been submitted to a jury, the judgment of the court below should be sustained.

## The Proceedings.

During the trial defendant made a motion for instructed verdict. Thereupon the court rendered an oral decision and instructed the jury to bring in a verdict in favor of the defendant, which was done. The Court after reviewing the evidence summed up the matter in the following statement:

"We are of the opinion reasonable minds could reach but one conclusion in this case, and that conclusion would be adverse to the claims of the plaintiff."

No judgment was entered upon the directed verdict. The plaintiff thereupon filed a motion for a new trial upon which motion, under date of May 5, 1938, the following entry was made:

"It is therefore ordered and adjudged that the plaintiff's motion for a new trial be and the same is hereby sustained and a new trial is hereby ordered."

This is the order from which appeal was perfected by the defendant which is now being considered.

The assignments of error are to the effect:

(1) After having directed a verdict in favor of the appellant at the conclusion of all the evidence, the court erred in reversing itself in granting a new trial.

(2) The court erred in refusing and failing to enter judgment upon the verdict in favor of the appellant.

(3) The appellant was entitled to judgment as a matter of law upon the pleadings and the evidence.

The question is whether or not there was error of the court in the matters set out in the assignments of error.

The specific question is whether or not the defendant below was entitled to an instructed verdict and a judgment thereon as a matter of law upon the pleadings and the evidence. We have read all the pertinent portions of the bill of exceptions and are advised of its contents and have examined the the exhibits thereto attached.

Briefly stated, the plaintiff-appellee brought his suit in the Court of Common Pleas to recover damages for personal injuries alleged to have been sustained in a collision between his automobile and the street car of the defendant-appellant.

The accident occurred on the night of December 16, 1935, on East Fifth Avenue in the city of Columbus, which avenue extends east and west. A single car track, owned and operated by the company was laid in the middle of the avenue at the point where the collision occurred. The track turned eastward on Fifth Avenue at its intersection with Sunbury Road and was constructed of grooved rails. The street was asphalt, with brick adjoining the rails. The rails projected slightly above the brick. On the night in question there was a precipitation of snow and rain and there is evidence that the street and the rails were slippery.

Plaintiff-appellee, who was a stranger in the territory, drove his automobile in a westerly direction and the evidence given by him tends to show that he was proceeding westward on the right side of the street at a slow rate of speed and that as he drove along, a parked automobile pulled from the curb and the plaintiff thereupon drove his car to a position where his left wheels were south of the north rail. At that time the company's car came on Fifth Avenue from the Sunbury Road, proceeding in an easterly direction. The plaintiff saw it coming toward him at a distance which is not clearly stated. It was traveling at approximately 23 miles per hour. The plaintiff-appellee attempted to turn his automobile near to the north

curb but his front wheel slid along the slippery north rail. Thereupon he changed to low gear and attempted to turn to his left to free his front wheel from the rail and then back to the right. During this operation he proceeded but a short distance, but the street car continued to approach without, as the evidence of the plaintiff tends to show, slowing its speed, and there was a collision, the street car stopping suddenly. The street car operator discovered the plaintiff's automobile at a considerable distance east of the point of collision. The operator of the car testified that he could bring the car to a stop within 60 to 70 feet if traveling at 20 miles per hour, by the proper use of the brakes.

This is probably as favorable a statement of the evidence on behalf of the plaintiff-appellee as could be made from the record.

On the other hand the defendant introduced evidence contradicting the plaintiff's evidence in many respects.

### The Law.

It is not necessary to detail the principles established as controlling in the consideration of motions for a directed verdict. We may, however, refer briefly to a few of the cases.

In the well known case of **Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 469,** it is held:

"(3) Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge shall direct a verdict against him.

(4) Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

These principles were announced in the case in which the "scintilla" rule was definitely rejected and the "reasonable minds" rule definitely substituted for the discarded scintilla rule. It will be noted that the court stated that the "test is not whether the trial judge would set aside a verdict on the weight of the evidence"; so that function of the court was not disturbed or in any way curtailed.

See also **Laub Baking Co. v Middleton, 118 Oh St 106,** wherein the rule is stated:

"(2) When the proof of the essential facts put in issue and the reasonable inferences therefrom are such that the jury, as fairminded men, should reasonably arrive at but one conclusion, it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains."

In **Painesville Theater Co. v Lautermilch, 118 Oh St 167,** it is held:

"Whenever from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein probable truth lies or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade the province of the jury."

In the case of **Bevan v Railroad Company, 132 Oh St 245,** the rule is announced as follows:

"(6) Where upon all the evidence reasonable minds can come to but one conclusion it is the duty of the court, if requested, to direct a verdict accordingly."

Considering the evidence in this case most strongly in favor of the plaintiff-appellee, could reasonable minds come to but one conclusion? It might be ob-

served that one reasonable mind, to-wit, that of the trial judge, came to a different conclusion on a review of the same evidence, announcing in his decision during the trial that "we are of the opinion reasonable minds could reach but one conclusion in this case."

In his opinion, April 8, 1938, sustaining the motion for a new trial the court observed that in passing upon the motion it really weighed the evidence and passed upon the credibility of the witnesses which "we were not warranted in doing. We are in the unfortunate position of having prematurely passed on the weight of the evidence. We have no hesitation in saying that on the record we would have no mental reservation in adhering to the conclusion that a verdict for the plaintiff would be against the manifest weight of the evidence. However, we must conclude that in passing on this question on defendant's motion we unconsciously fell into the error of invading the province of the jury." The trial court thereby recognized the fact that the evidence in this case was not of such a character that "reasonable minds can come to but one conclusion." We do not intend to intimate that this position of the trial court is determinative of the question, but allude to it only for illustration of the closeness of the question as to submission to a jury.

We are in harmony with the view of the trial court in reference to the evidence in this case and arrive at the conclusion that the judgment of the court below granting a new trial should be sustained. Entry accordingly.

HORNBECK, PJ. & BARNES, J, concur.