No. 602

REED v. HENSEL

No. 20612, Supreme Court

On motion to certify. Dock 6-23-27. 5 Abs. 446.

**225. CHARGE OF COURT**—Is it error for court to give jury as law at date, a statute not in force at time of the trial, or at time of occurrence of subject of suit?

**874. ORDINANCES**—Does city ordinance, conforming to general law of state at time of enaction, remain valid after repeal of general law?

**301. CONTRIBUTORY NEGLIGENCE**—Does testimony by plaintiff, that she knew of approach of automobile, that she knew speed at which it was coming, that she stopped and looked and then hurried across the street, and that she came into collision with the automobile; constitute such evidence of contributory negligence, that she cannot recover for injuries received in the collision?

**465. ERROR**—Where evidence is undisputed as to number and character of buildings on a street is it error to submit to jury the question of whether or not the street is in a business or closely built up section?

**480. EVIDENCE**—Is it error to exclude in evidence record of Municipal Hospital, where such record contains history of case, given by the daughter of patient?

This action was commenced in Common Pleas Court to recover damages for personal injuries suffered by Marie E. Hensel when she collided with the automobile owned and driven by Horace Reed, Jr. The parties will be hereinafter referred to as plaintiff and defendant as they appeared in the trial court.

A jury in the Common Pleas Court rendered a verdict in favor of plaintiff. On error the Court of Appeals affirmed the Common Pleas.

Defendant who is the plaintiff herein is asking that the Court of Appeals be required to certify its record and claims as follows:

That the court, in its charge to the jury, gave as the law of the case, statute which was similar to an ordinance of the City of Cincinnati. That the ordinance and the statute made the driving of an automobile in excess of a certain speed, presumptive evidence of an offense, and that if the jury found that defendant was travelling in excess of this certain speed, that would be negligence as a matter of law, that the statute referred to had been repealed prior to the accident and had been re-enacted and made to read so as to make the same facts prima faci evidence, not presumptive evidence, and that for this reason the charge as given was prejudicial.

Defendant raises the question as to whether a city ordinance conforming to a general law of the state, at the time enactment of the ordinance, remains a valid ordinance after the repeal of the general law, especially when there arises out of the general law as amended a difference amounting to a conflict.

Defendant also contends that plaintiff's own testimony showed that she knew of the approach of the automobile to her line of travel, that she knew the speed at which it was coming, that she stopped long enough to look in both directions, and then quickly hurried across the street, but did not look again, and did not stop again until she collided with defendant's car; that the car was plainly visible to her from the time she left the curb until the collision; that her hearing and sight were good, and nothing obstructed either; that there were no circumstances to excite or confuse her, that she came into collision with defendant's car about 15 feet from the curb and about 15 feet from the center of the street. That such evidence shows contributory negligence on plaintiff's part, and that a verdict should have been directed in favor of the defendant. Shott v. Korn 17 GC. (N.S.) 393; Chesrown v. Bevier, 101 OS. 282; Buele v. N. Y. C. R. R. Co. 114 OS. 40; C. C. C. & St L Ry Co. v. Lee, 111. OS. 391; D. T. & I. R. R. Co. v. Rohrs, 114 OS. 371.

That the court erred in submitting to the jury the question of whether or not the locus of the accident was in a business or closely built-up portion of the city; that the nature of the improvements for three blocks on either side of the scene of the accident was undisputed, and it was for the court to determine this question of law.

That the court erred in the exclusion of evidence (offered by defendant) which evidence was a part of the records of the Cincinnati General Hospital, a municipal institution. It was excluded by the court on the ground that it contained a history of the patient given by her daughter, without the patient hearing what was said. The defendant offered the record as a public record kept in the regular course of business of a public institution, made by a person engaged about the business of the institution as a part of and in the discharge of his duties in that relation. Cassidy v. Traction Co., 21 N. P. N. S. 125.

Attorneys—Harmon Colston, Goldsmith & Hoadly, for Reed; Gusweiler, Foster and Lambert for Hensel; all of Cincinnati.