**RIDER, Appellant v GELLENBECK, Appellee.**

Ohio Appeals, 1st District, Hamilton County.

No. 6196.  Decided January 25, 1943.

Walter K. Sibbald, Cincinnati, for appellant.
Galvin, Tracy, Crawford, Geoghegan & Levy, Cincinnati, for
:appellee.

## OPINION

By ROSS, J.
The trial court directed a verdict for the defendant. From
the judgment thereon for the defendant, the plaintiff appeals on
questions of law.

The action was predicated upon a claim for compensation for personal injuries suffered by the plaintiff when the automobile of defendant struck the plaintiff while he was standing on a loading platform in Hamilton Avenue in the City of Cincinnati.

Three witnesses including the plaintiff and one Daniels testified he was standing **on** the platform when struck by defendant's automobile. A witness for plaintiff, Daniels, testified:

"THE COURT: Was he in the car tracks, or straddling the rail, or out * * *

A. As far as I could see he was in the car tracks. That is about as close as I could say.

Q. I think you say that so far as you could tell Rider was on the platform at the time of the accident. The truth of the matter is, Mr. Daniels, you couldn't tell from where you were sitting whether or not he was on the platform or had stepped off?

A. Why couldn't I?

Q. Wasn't the doctor's automobile between you and Mr. Rider?

A. For a split second before he hit him.

Q. This accident happened in a split second?

A. I will grant you that.

Q. And you were looking through a small—

A. (Interrupting) Oh, no, it is a large window.

Q. Is that in the side or back?

A. No, in the back of the truck.

Q. Who was carrying the money, do you recall?

A. Mr. Darlinghaus was carrying the money, I believe.

Q. And wasn't he the man that you were watching primarily?

A. Not necessarily, I watch both of them."

The Court stated to the jury:

"Now, gentlemen, I don't take my cases home with me as a rule. I took this matter home with me. When I got home I watched at the oil station up there at Lexington Avenue, a lot of automobiles and saw the overhang. The overhang is all the way from 2½ to 3½ inches, not over that. From the outside of the tire to the outside of a fender is 2½ to 3½ inches. My own car is about three inches 2¾ inches.

"What actuated me in not granting the motion before was, it did not appear definitely what was the distance between the rail and the platform. Now that is in evidence."

It appears the Court concluded that if the witness Daniels was correct that the defendant's automobile was in the car tracks, the overhang would not be sufficient to reach the plaintiff on the platform and, hence, he must have been in the street, thus ignoring the other definite evidence that the plaintiff was **on** the platform. This reasoning, of course, ignores all such other evidence in the

plaintiff's case to the effect that plaintiff was on the platform. The witness Daniels said it all happened suddenly, and, certainly, merely what he said is not sufficent in itself to cause the conclusion that as a matter of law an unrebutted inference of contributory negligence was raised in the case of plaintiff. Even if the testimony of Daniels raised such an inference, certainly such inference was met by his own testimony and that of other witnesses that plaintiff was on the platform.

At the outset, it must be remembered that the plaintiff all through his case is accompanied by a presumption that he was not guilty of contributory negligence. Such contributory negligence must be proved by the defendant. 29 O. Jur. 622, et seq; Troop A. Riding Academy v Miller, 127 Oh St 545, 549; Martin, Jr. v Heintz, 126 Oh St 227, 230; Maddex, et al. v Columber, 114 Oh St 178, 186.

It is to be remembered that the evidence upon which the trial court evidently placed controlling emphasis was not the personal testimony of the plaintiff. A somewhat different situation might be presented if such were the case. The action of the trial court can only be sustained if the plaintiff is irrevocably bound by the testimony of Daniels, other evidence non constat, which under the rule laid down in Black v City of Berea, 137 Oh St 611, would in the opinion of the trial court result in the conclusion that the plaintiff could not have been on the platform.

In Baltimore & Ohio Rd. Co. v McClellan, Admx., 69 Oh St 142, in paragraph 2 of the syllabus the applicable rule is stated:

". "2. Where the testimony of the plaintiff raises a clear presumption of negligence on his part/which directly contributed to his injury, and no testimony is offered by him tending to rebut that presumption, it is the duty of the trial court to sustain a motion by the defendant made at the conclusion of plaintiff's evidence, to direct a verdict, and a refusal to sustain such motion is error."

Again, in Maddex, et al v Columber, 114 Oh St 178, supra, at page 186 of the opinion it is stated:

"The presumption of the law is that neither party was negligent, and the negligence in the case of either was a question of proof. Contributory negligence is an affirmative defense, and the burden of showing the same is upon the party alleging the defense; but, if plaintiff's own testimony in support of his cause of action raises a presumption of his own contributory negligence, the burden rests upon him to remove that presumption before he can recover. Baltimore & Ohio Rd. Co. v Whitacre, 35 Oh St 627.

"The effect of the request, as given was to place the burden of disproving contributory negligence upon the plaintiff. The request omits the doctrine of requiring proof by plaintiff of her freedom from contributory negligence only in the event that her testimony

raises the presumption of negligence on her part. Until the state·
of the evidence was such, there was no burden upon the plaintiff
to prove that she was not negligent in the premises.

"This court, in **Columbus Railway Co. v Ritter,** 67 Oh St, 53, at,
page 59, 65 N. E., 613, 614, in the opinion, says:

" 'The court erroneously placed upon the plaintiff below the·
burden of disproving contributory negligence charged in the answer,
as a part of her case in chief. Such has never been the law in.
this state.' "

In **Cleveland Railway Co. v Wendt,** 120 Oh St 197, at page 203:
of the opinion it is stated:

"Where plaintiff's own testimony discloses negligence on his·
part contributing directly to his injury, or where the evidence of-
fered in his behalf fails to rebut the presumption of negligence·
arising therefrom, it is the duty of the trial court to sustain a mo--
tion for a directed verdict in favor of the defendant. **B. & O. Rd. Co.
v McClellan, Admx.,** 69 Oh St 142, 68 N. E. 816; **Cleveland, C. C. &·
St. L. Ry. Co. v Lee, Admr.,** 111 Oh St 391, 145 N. E. 843; **Buell,.
Admx., v N. Y. Cent. Rd. Co.,** 114 Oh St 40, 150 N. E. 422."

But, it is also true, as stated in the third paragraph of the syl--
labus in **Martin, Jr., v Heintz,** 126 Oh St 227, supra:

"3. Upon a motion for a directed verdict the evidence must be-
given an interpretation most favorable to the plaintiff, and a di-
rected verdict should be refused if a reasonable inference of due·
care may be drawn from the evidence adduced."

And, again. in **Baltimore & Ohio Rd. Co. v Whitacre,** 35 Oh St.
627, at page 630 of the opinion it is stated:

"When the question of contributory negligence depends upon·
a variety of circumstances, from which different minds may arrive·
at different conclusions, as to whether the plaintiff exercised prop-
er care and caution, the question should be submitted to the jury·
under proper instructions. The **M. & C. R. R. v Picksley,** 24 Oh St·
654; **C. C. & C. R. R. v Crawford,** 24 Oh St 631. It was, therefore,.
competent for the plaintiff. in order to relieve himself from the
suspicion of negligence created by his own testimony, to prove any·
fact or circumstance having that effect."

And in **Cincinnati Street Ry. Co. v Snell,** 54 Oh St, 197, the·
Court say in the 4th and 5th paragraphs of the syllabus:

"4. Where the evidence of plaintiff shows actionable negli-
gence on the part of the company, and the question of contributory·
negligence of the plaintiff depends upon a variety of circumstances.

from which different minds may reasonably arrive at different conclusions as to whether there was contributory negligence or not, the question should be submitted to the jury under proper instructions; and it is error in such case for the court to direct a verdict for the defendant.

"5. And where in such case the question as to whether or not the plaintiff exercised his faculties of seeing and hearing before attempting to cross is in issue, and the oral evidence tends to show that he did, while circumstantial evidence tends to disprove that claim, a condition is presented involving such variety of circumstances as makes it proper to submit the question to the jury."

Certainly, the contrary of the situation is equally operative in the interest of plaintiff.

This is not a case where the undisputed facts show a situation to exist which requires all reasonable minds to disbelieve the testimony of all of plaintiff's witnesses, including his own, such as was the case in **Black v City of Berea, 137 Oh St 610 supra.** In that case it is stated at page 626 of the opinion:

"While Evelyn Bowman's negligence may not be imputed to plaintiff, it does tend to explain the accident.

"While both plaintiff and the driver of the automobile testified repeatedly that the right wheels of the automobile did not leave the paved portion of the road, yet the physical facts show that the right wheels of the automobile must have left the paved portion of the road in order that plaintiff's arm could have come in contact with the mailbox. Defendant introduced two eyewitnesses who testified that the automobile was driven off the paved road and was off the paved road at the time that the mailbox was hit.

"As stated by Blashfield in his Cyclopedia of Automobile Law and Practice, Volume 10, page 146:

" 'Where facts testified to are opposed to all natural laws and common experience, so that it is inconceivable that any such thing could have occurred, courts will refuse to believe it, on the ground that they will take judicial notice of its incredibility.' "

In the instant case reasoning justifying the action of the trial court must be just the reverse of that in the Black case.

The plaintiff and his witnesses all state he was on the platform when struck by the defendant's automobile.

The evidence is conclusive that he was struck by defendant's automobile. It may be here admitted that it was necessary for the wheels of the automobile to be out of the tracks of the street railway in order that he should be struck while on the platform. This may or may not be a fact.

Daniels' other statements and the testimony of other witnesses might merely show that Daniels was mistaken in stating the auto-

# 6

mobile was in the tracks even if it be taken that he meant by that that the wheels actually were on the rails, and not merely in the general area of the tracks, and that his evidence be given a character of positiveness which it, in fact, did not actually possess. In the Black case, the plaintiff's arm could not have been injured unless the wheels of the automobile in which she rode were off the road close to the mailbox, which had a fixed definite location. In this case, the plaintiff may or may not have been on the platform. The plaintiff had the right to have a jury pass upon that question. This was denied her. Daniels may have been right, or he and the other witnesses may have been right in stating the plaintiff was **on** the platform. Certainly, as said before, any inference raised by Daniels' testimony was met by positive evidence indicating that he was in error.

The effect of other evidence offered by plaintiff was to the effect that the automobile was not in the tracks. This presented a jury question.

The judgment of the trial court will be reversed, for the reason that it was in error in holding that contributory negligence appeared in plaintiff's case, which was not met by other evidence, and the cause will be remanded to the Court of Common Pleas for a new trial.

MATTHEWS, PJ., concurs.