Matthias, J.
The issue presented for our determination is whether an individual who regularly operates a motor vehicle and has failed to properly maintain the emergency brake can claim unavoidable accident as a legal excuse for her failure to stop at a stop sign and yield the right of way, where the foot *194 brake suddenly fails and the emergency brake is not in working condition.
The trial court at the request of defendant gave a special instruction before argument on the subject of unavoidable accident. The propriety of the instruction is the question in the instant case.
It is well established that failure to stop in obedience to a stop sign in violation of Section 4511.43, Revised Code, a safety statute, constitutes negligence per se. Stout v. Ellinger, 154 Ohio St., 419.
Thus, it is not enough for defendant to show that she acted as a reasonably prudent person would have acted under the circumstances. In this case, the specific requirements of the statute replace the rule of ordinary care. To preclude liability for injuries resulting from her failure to comply with the statutory requirements, she must show that the collision was the result of an unavoidable accident, i. e., that something over which she had no control made it impossible for her to obey the statute. Bush, Admr., v. Harvey Transfer Co., 146 Ohio St., 657, paragraph two of the syllabus.
It is clear that the regular operator of a motor vehicle has control not only over the operation of its braking systems but also over the care and maintenance thereof.
Section 4513.20, Revised Code, provides in pertinent part:
“ (A) Every trackless trolley and motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such trackless trolley or motor vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, then on such trackless trolleys or motor vehicles manufactured or assembled after January 1, 1942, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the trackless trolley or motor vehicle without brakes on at least two wheels.
6i* # *
“ (H) All brakes shall be maintained in good working order * * (Emphasis added.)
This section imposes an affirmative duty on one who regu *195 larly operates a motor vehicle not only to have it equipped with two separate means of applying the brakes bnt also to maintain both snch means in good working order.
The necessity for requiring a second means of applying the brakes is readily apparent. One can easily foresee the results which might occur in this day of traffic congestion if a driver is unable to stop in times of sudden emergency. As Judge Taft said in State v. Kotapish, 171 Ohio St., 349, wherein a conviction of manslaughter was affirmed, “certainly, a motor vehicle driver can foresee, as did the General Assembly in enacting Section 4513.20, Revised Code, that a pedestrian on the sidewalk may be injured if his motor vehicle has no emergency brakes when its service brakes fail.”
Similarly, a motor vehicle driver can foresee that, if he has no emergency brakes, when his service brakes fail the driver of another motor vehicle may be injured, and his vehicle may be damaged.
One who regularly operates a motor vehicle owes a duty to pedestrians and other drivers to have such motor vehicle equipped with two separate means of applying the brakes and also to maintain both means in good working order. If one system fails to operate due to lack of proper maintenance, the operator cannot claim unavoidable accident, even though the other system fails through no fault of the operator.
The record in this case discloses that defendant had used the vehicle in question for approximately six months, and during that time she had never used or tested the emergency brake. It is also clear that defendant had ample time within which to stop her vehicle by the use of her emergency brake had it been in workable condition.
As shown above, a statutory duty was imposed on defendant to maintain her secondary emergency brake system in operating condition. The evidence shows that she made no effort to do so or to even determine whether such system was operable. Thus, the defendant’s failure to stop was due to her negligence in failing to fulfill her statutory duty. Under such circumstances, the doctrine of unavoidable accident is not available to defendant and should not have been made the subject of a special instruction.
The question of proximate cause is ordinarily one of faet, *196 but, where there is no conflict in the evidence, such question becomes one of law. Cobb, Admr., v. Bushey, 152 Ohio St., 336, paragraph three of the syllabus. In the instant case it is not disputed that defendant’s failure to stop and yield the right of way was the proximate cause of the collision. The trial court should have found the defendant guilty of negligence as a matter of law and taken that issue from the jury.
Appellee urges that on the basis of the two-issue rule the judgment of the Common Pleas Court should be affirmed. This rule is not applicable, however, if the court, in its instructions, includes an issue on which there should have been no charge. Ricks v. Jackson, 169 Ohio St., 254, paragraph four of the syllabus. Having determined that there was no issue of unavoidable accident in the instant case, and that an instruction on the subject should not have been given to the jury, the two-issue rule is not applicable.
This court having determined that the defendant was guilty of negligence as a matter of law, that there is no dispute as to the defendant’s negligence being the proximate cause of the accident, and that the two-issue rule is not applicable, the judgments of the Court of Appeals and the Common Pleas Court are reversed, and the cause is remanded to the Court of Common Pleas for the determination of damages.

Judgment reversed.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.